UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

C.L. and G.G., on behalf of their minor child, C.L.G.,

                       Plaintiffs,

                v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                       Defendant.

No. 21-cv-07094 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

      Pending before the Court is Plaintiffs' Motion for Reconsideration and Defendant's Cross-Motion for Reconsideration of the Court's September 29, 2022 Memorandum Opinion and Order. For the reasons that follow, Plaintiffs' motion is granted with the modification discussed below, and Defendant's motion is denied.

## BACKGROUND

      On August 23, 2021, Plaintiffs C.L. and G.G., on behalf of their minor child, C.L.G., filed this lawsuit against the New York City Department of Education ("DOE") to resolve Plaintiffs' claim for attorneys' fees and costs in connection with an underlying administrative proceeding. The Law Office of Steven Alizio, PLLC ("LOSA") represented C.L.G. in the administrative proceeding, as well as Plaintiffs in this federal action.

      On February 24, 2022, Plaintiffs filed their motion for attorneys' fees pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act (the "IDEA"). Plaintiffs sought a total of $46,020.00 in fees and costs, consisting of $20,925.00 for the administrative


action and $25,497.00 for the "fees on fees."[1] *See C.L. v. N.Y.C. Dep't of Educ.*, No. 21-cv-7094 (RA), 2022 WL 4585583, at *2 (S.D.N.Y. Sept. 29, 2022). The amount reflected 58.2 hours billed by LOSA attorneys and 68.5 hours billed by LOSA paralegals for the two separate components of this case. *Id.* DOE made a formal settlement offer for $16,000.00 on November 24, 2021, which Plaintiffs rejected. *Id.*

On September 29, 2022, the Court issued its decision concluding that, although Plaintiffs were unquestionably entitled to attorneys' fees in this case, the hourly rates and number of hours submitted by LOSA were unreasonable. *Id.* at *3. The Court further ruled that Plaintiffs were not entitled to any fees and costs after November 24, 2021, because the amount they were entitled to through November 24, 2021 – which the Court calculated to be $15,987.00 – was less than the settlement offer of $16,000.00 made on that date. *Id.* at *6-7. Consistent with the IDEA's prohibition on awarding any fees and costs "for services performed subsequent to the time of a written offer of settlement to a parent if . . . the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement," 20 U.S.C. § 1415(i)(3)(d)(i), the Court granted Plaintiffs' motion for attorneys' fees, subject to the following modifications:

(1) LOSA is entitled to fees at: an hourly rate of $350 for Steven Alizio (reduced by fifty percent for billable travel time); an hourly rate of $350 for Justin Shane; an hourly rate of $275 for Jennifer Gemmel; and an hourly rate of $100 for Dianne Ho and Nazc-a-ru Gonzalez;

(2) the number of hours billed by all LOSA attorneys and paralegals in the administrative proceeding is reduced by 20 percent;

(3) the number of hours billed by all LOSA attorneys and paralegals in the federal litigation is reduced by 25 percent; and

---

[1] "Fees on fees" are "the attorney's fees . . . incurred in litigating the application for an award of attorney's fees." *Lilly v. City of New York*, 934 F.3d 222, 226-27 (2d Cir. 2019).

(4) Plaintiff may only recover for fees and costs incurred through November 24, 2021. *Id.* at *7.

On October 4, 2022, Plaintiffs moved for reconsideration of the Court's decision pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 60(a), or alternatively Rule 60(b). Plaintiffs point out that the $15,987.00 figure calculated by the Court does not include the $402 federal court filing fee that Plaintiffs incurred on August 23, 2021, even though the Court ruled that Plaintiffs are entitled to that cost. Pls. Mot. ¶ 5. Plaintiffs further note that, when the $402 filing fee is added to the $15,987.00 calculation, the total amount of fees and costs that Plaintiffs were entitled to through November 24, 2021 exceeds the $16,000.00 settlement offer. *Id.* ¶ 7. Thus, Plaintiffs argue, the Court should award attorneys' fees and costs incurred after November 24, 2021 as well. *Id.*

On October 14, 2022, Defendant cross-moved for reconsideration pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 60(b). Defendant agrees with Plaintiffs that the $402 filing fee should have been added to the $15,987.00 calculation. Def. Cross-Mot. ¶ 2. Defendant argues, however, that "other reductions" were overlooked by the Court, and if those reductions are subtracted, the total amount that Plaintiffs were entitled to through November 24, 2021 would remain below $16,000.00. *Id.* In Plaintiffs' response, they assert that Defendant's cross-motion is untimely, and in any event, does not point to any "new controlling law or data" that the Court overlooked. Pls. Opp. ¶¶ 2-4.

**LEGAL STANDARD**

Whether brought under Rule 60(b) or Local Rule 6.3, "a motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Nat'l Res. Def. Council v. U.S. Env't Prot. Agency*, No. 17-cv-5928 (JMF), 2019 WL 6467497, at *1 (S.D.N.Y. Dec. 2,

2019) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Generally, reconsideration is only proper if the moving party "demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (internal quotation marks omitted). "It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-cv-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (internal quotation marks omitted).

## DISCUSSION

The Court agrees with both parties that it overlooked the $402 filing fee when calculating the total amount that Plaintiffs were entitled to through November 24, 2021. This oversight was a "clear error" that the Court now corrects on reconsideration. *In re Facebook, Inc.*, 43 F. Supp. 3d at 373. Plaintiffs were thus entitled to a total of $16,389.00, for both the administrative proceeding and the federal action, through November 24, 2021.

Defendant counters that, even if the $402 filing fee is added to the $15,987.000 amount, the Court should subtract "specific reductions" from LOSA's unreasonably billed time before applying the twenty and twenty-five percent across-the-board reductions. The Court disagrees. As an initial matter, the Court construes Defendant's motion as brought solely under Local Rule 6.3, because "Rule 60(b) applies only to final orders and judgments." *Kassman v. KPMG LLP*, No. 11 Civ. 3743 (LGS), 2015 WL 5775866, at *1 (S.D.N.Y. Oct. 2, 2015) (internal quotation marks omitted); *see Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 110 (2d Cir. 2014) (explaining that the district court's judgment was not "final" because it "did not set out an amount that [the defendant was] required to pay").

On the issue of timeliness, Plaintiffs are correct that Defendant's cross-motion under Local Rule 6.3 is untimely. Defendant cross-moved for reconsideration on October 14, 2022, which is fifteen days after the Court's decision on September 29, 2022.  Defendant's motion thus falls outside of the fourteen-day window that Local Rule 6.3 prescribes, and the Court can deny it on that basis alone. *See Farez-Espinoza v. Napolitano*, No. 08 Civ. 11060 (HB), 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009).  Even if the Court were to excuse the untimeliness of Defendant's motion, the motion would fail on the merits.  Defendant identifies no "controlling law" that the Court overlooked, nor any "availability of new evidence." *In re Facebook, Inc.*, 43 F. Supp. 3d at 373; *see* Def. Mot. ¶¶ 3-7 (relying solely on unpublished district court cases).  Defendant has thus failed to provide a proper basis for reconsideration at this time.

The Court further agrees with Plaintiffs that, given the amount Plaintiffs were entitled to through November 24, 2021 now (marginally) exceeds the amount of the settlement offer, the court has the discretion to award fees after November 24, 2021.  *See C.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7337 (CM), 2019 WL 3162177, at *12 (S.D.N.Y. July 2, 2019).  That said, the Court is not convinced that it should award fees for the federal action with the same modifications described in its original order, as Plaintiffs request.  Rather, the Court makes modifications more consistent with those made by other judges in this district who have "limit[ed] awards for time spent litigating an IDEA fee application to a fraction . . . of the time spent on the underlying administrative proceeding." *G.T. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 11262 (GDB) (BCM), 2020 WL 1516403, at *10 (S.D.N.Y. Feb. 12, 2020), *report and recommendation adopted*, No. 18 Civ. 11262 (GBD) (BCM), 2020 WL 1503508 (S.D.N.Y. Mar. 30, 2020).  As the Second Circuit stated in *Gagne v. Maher*, "[i]f the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, the judge may refuse further compensation or grant it sparingly." 594 F.2d

336, 344 (2d Cir. 1979); *see also id.* ("The exercise of discretion . . . gives the district judge great leeway.").

As the Court previously noted, Plaintiffs' brief and some of the declarations filed in the federal action were "copied in part from those submitted in two other cases in this district." *C.L.*, 2022 WL 4585583, at *9. And, as Defendant pointed out, the number of hours billed for preparing these documents is indeed excessive, given how similar the documents are to those filed in, at the very least, *M.R. v. New York City Department of Education.*, No. 21-cv-6668 (LGS), 2022 WL 3098347 (S.D.N.Y. Aug. 4, 2022). For example, the memorandum of law submitted here in support of the attorneys' fees motion not only repeats many of the legal arguments from the memorandum of law submitted in *M.R.*, but often utilizes the exact same language and case citations. *Compare C.L.*, Dkt. 18, *with M.R.*, Dkt. 22. Many of the supporting declarations are also substantially copy-and-pasted. Vida Alvy's declaration, for example, appears to be the exact same document as the one submitted in *M.R.*, just photocopied at a slightly different angle—even the date on the declarant's signature is the same. *Compare C.L.*, Dkt. 25, *with M.R.*, Dkt. 25.

Upon closer review of the record, these excessively billed entries constitute more than 25 percent of the total hours billed for the federal action, even before taking into account the 0.1 increments that LOSA repeatedly billed "for tasks that should not have taken more than several moments." *C.L.*, 2022 WL 4585583, at *9. Therefore, the Court concludes that a 50 percent reduction in the number of hours billed by LOSA for the federal action, as opposed to 25 percent, is necessary to achieve "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *see Colvin v. Keen*, 900 F.3d 63, 67-68 (2d Cir. 2018) (explaining that a district court has discretion to reconsider prior rulings before the entry of final judgment).

This revised modification comes closer to aligning with the awards generally issued in this district, namely, "awards for time spent on fee applications [which] have ranged between 8% and 24% of the award for time spent on the case itself." *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 371 (S.D.N.Y. 2018); *see also G.T.*, 2020 WL 1516403, at *10 (noting two cases where the court permitted an award "up to and even slightly over half of the fees awarded for time spent on the underlying administrative proceeding"). Here, Plaintiffs originally requested $25,497.00 for the federal action, compared to just $20,925.00 for the administrative proceeding. *See C.L.*, 2022 WL 4585583, at *2. Even if the Court applied its original modifications—a 25 percent reduction in the number of hours billed for the federal action and a 20 percent reduction in the number of hours billed for the administrative proceeding, accounting for the fact that the Court will now award fees after November 24, 2021— Plaintiffs would still receive more for the federal action than they would for the administrative proceeding.

It is plainly unreasonable for Plaintiffs to receive *more* in "fees on fees" than they do for the underlying proceeding itself. *See, e.g.*, *Knoll v. Equinox Fitness Clubs*, No. 02 Civ. 9120 (SAS) (DFE), 2006 WL 2998754, at *4 (S.D.N.Y. Oct. 20, 2006) (awarding a lump sum of $14,000 for the time spent litigating the fee application, "which represents approximately ten percent of the main fee award," in order to avoid "any undue windfall"). Plaintiffs have provided no convincing reason as to why, in comparison to what they describe as a "complex" administrative proceeding that involved a "highly contested pendency hearing," Pls. Mot. for Fees, Costs, and Expenses, at 21-22, the litigation for attorneys' fees should require just as many resources. Indeed, awarding "fees on fees" here that exceed the costs of the underlying proceeding betrays the Supreme Court's admonition that "the determination of fees should not result in a second major litigation." *Fox*, 563 U.S. at 838 (internal quotation marks omitted).

## CONCLUSION

Accordingly, the Court grants Plaintiffs' motion for reconsideration, but reduces the number of hours billed by all LOSA attorneys and paralegals for the federal action by 50 percent. The Court denies Defendant's cross-motion for reconsideration. The corrected modifications to Plaintiffs' request for attorneys' fees and costs are as follows:

(1) LOSA is entitled to fees at: an hourly rate of $350 for Steven Alizio (reduced by fifty percent for billable travel time); an hourly rate of $350 for Justin Shane; an hourly rate of $275 for Jennifer Gemmel; and an hourly rate of $100 for Dianne Ho and Nazc-a-ru Gonzalez;

(2) the number of hours billed by all LOSA attorneys and paralegals in the administrative proceeding is reduced by 20 percent; and

(3) the number of hours billed by all LOSA attorneys and paralegals in the federal litigation is reduced by 50 percent.

No later than November 29, 2022, Plaintiffs shall submit a proposed judgment consistent with this decision, to which the DOE will have one week to raise any objections. The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 40 and 42.

SO ORDERED.

Dated: November 22, 2022
New York, New York

Ronnie Abrams
United States District Judge