USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

C.L. and G.G., on behalf of their minor child, C.L.G.,

      Plaintiffs,

   v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

      Defendant.

No. 21-cv-07094 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

  On September 29, 2022, the Court issued a Memorandum Opinion & Order on Plaintiffs' application for attorneys' fees and costs in this matter. Plaintiffs later moved for reconsideration because the Court inadvertently did not add the $402 filing fee—a cost that was awarded to Plaintiffs—to its final calculation. Defendant cross-moved for reconsideration, and Plaintiffs filed a response. On November 22, 2022, the Court issued a Memorandum Opinion & Order on the cross-motions for reconsideration, denying Defendant's motion, and granting Plaintiffs' motion with modifications. Plaintiffs then submitted a proposed judgment pursuant to the November 22 Order, seeking reimbursement for hours billed after April 20, 2022—which is the date Plaintiffs filed their reply brief in the original fee application—and attaching time sheets that had not previously been included in the original motion for reconsideration.

  Defendant objects to Plaintiffs' proposed judgment, specifically to reimbursement for the additional time sought after April 20, 2022. Having considered the parties' arguments, the Court concludes that those billed hours, while recoverable to a certain extent, are excessive. In particular,

Plaintiffs' motion for reconsideration—which served to correct a simple, minor error made by the Court—could have been accomplished by way of a one-page letter, but Plaintiffs billed 9.3 hours of attorney time for that motion alone. Other entries billed in response to Defendant's cross motion were also excessive, not limited to 4.6 hours spent reviewing time sheets and submitting a three-page proposed judgment, and multiple 0.1 entries for tasks that should not have taken more than several moments—the same type of charges for which the Court has now twice reprimanded Plaintiffs.

As the Court previously noted, the Supreme Court has made clear that "the determination of fees should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal quotation marks omitted). This is certainly true with respect to a third such litigation. The Court thus grants attorneys' fees for time billed in the federal action after April 20, 2022, but reduces the number of hours billed. Because the initial reconsideration motion could have, as noted above, consisted of a brief letter-motion, hours billed working on that motion between September 29, 2022 and October 4, 2022 shall be reduced by 90%. The remaining hours billed after April 20, 2022, which consist primarily of Plaintiffs' response to Defendant's cross-motion for reconsideration, are reduced by 50%, for the same reasons articulated in the Court's November 22nd Memorandum Opinion & Order, as well as above.

No later than December 29, 2022, Plaintiffs shall submit a proposed judgment consistent with this order and the Court's Memorandum Opinion & Order dated November 22, 2022, to which the DOE will have one week to raise any objections.

SO ORDERED.

Dated: December 19, 2022
New York, New York

Ronnie Abrams
United States District Judge

2